UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREN CHAMBERLAIN,<br><br>Plaintiff,<br><br>v.<br><br>TOWNSHIP OF SADDLE BROOK,<br><br>Defendant. | Civil Action No.<br><br>15-8366 (SDW) (LDW)<br><br>**REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is plaintiff Karen Chamberlain's motion pursuant to 28 U.S.C. § 1447(c) to remand this action to the Superior Court of New Jersey, Law Division, Bergen County, and for an award of costs and attorney's fees. (ECF No. 2). United States District Judge Susan D. Wigenton referred this motion to the undersigned for a Report and Recommendation. Having considered the parties' submissions, for the reasons set forth herein, and for good cause shown, this Court recommends that the motion to remand be **GRANTED** and that plaintiff's request for costs and fees in connection with the motion to remand be **DENIED**.[1]

### I.  BACKGROUND

Plaintiff, a former mayor of defendant Township of Saddle Brook, commenced this action in the Superior Court of New Jersey, Law Division, Bergen County, on September 11, 2015. (ECF No. 1, at 1, 4). Her Complaint alleged, in brief, gender and political-affiliation discrimination by

---

[1] Although Plaintiff did request oral argument if Defendant opposed the motion, the undersigned has issued this Report and Recommendation without oral argument, pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).

Defendant in its refusal to provide her health and medical benefits after she left office. (*See id.* at 4–7).

Plaintiff's proof of service demonstrates that service of process was effected on October 17, 2015, which Defendant admits. (ECF No. 2-2, at 20; ECF No. 3, at 1). On December 1, 2015, Defendant filed a notice of removal in this Court, claiming federal question subject matter jurisdiction based on Plaintiff's claim under 42 U.S.C. § 1983. (ECF No. 1 at 1).

## II. LEGAL ANALYSIS

Plaintiff moves, pursuant to 28 U.S.C. § 1447(c), for an Order remanding the action back to the Superior Court of New Jersey, as well as an award of costs and attorney's fees. (ECF No. 2). She does not contest that the Court could exercise subject matter jurisdiction over her claims, instead arguing solely that Defendant failed to remove the action until after the thirty-day period to do so, under 28 U.S.C. § 1446(b), had expired. (ECF No. 2-1, at 3–4).

Defendant, in opposition, concedes that the deadline for removal was November 30, 2015,[2] but contends that its tardiness in filing the notice of removal was unintentional and that Plaintiff suffered no resulting prejudice. (ECF No. 3 at 2). It contends that late removal is not a jurisdictional issue and urges that courts have previously considered untimely removed actions. (*Id.* at 4–5). It additionally states, however, that its "counsel was unable to find a N.J. or Third Circuit case directly on point." (*Id.* at 4).

Pursuant to 28 U.S.C. § 1446(b), a party must file for an action's removal within thirty days of receiving a pleading containing a removable claim. 28 U.S.C. § 1446(b)(1), (b)(2)(B);

---

[2] The thirty days permitted for removal under 28 U.S.C. § 1446 would have ended on Thursday, November 26, 2015, but, as the Clerk's Office was closed that day for Thanksgiving and for the following three days, the permissible time to remove was extended through and including Monday, November 30, 2015, pursuant to Federal Rule of Civil Procedure 6(a)(3)(A). Thus, the last timely day to remove this action, November 30, 2015, was the thirty-fourth day after service was effected.

*Farina v. Nokia Inc.*, 625 F.3d 97, 113 (3d Cir. 2010). As cases within this district repeatedly have held, "it is well-established that the thirty day period for removal is mandatory and cannot be extended by the court." *Galvanek v. AT & T, Inc.*, Civ. A. No. 07-2759 (FLW), 2007 WL 3256701, at *2 (D.N.J. Nov. 5, 2007); *see Lee v. Cent. Parking Corp.*, Civ. A. No. 15-454 (KM), 2015 WL 4510128, at *10 n.6 (D.N.J. July 24, 2015); *Niblack v. Pettway*, Civ. A. No. 14-3883 (MAS), 2014 WL 4953247, at *5 (D.N.J. Oct. 1, 2014) (quoting *Galvanek*); *Niblack v. Pettway*, Civ. A. No. 13-3740 (JAP), 2013 WL 6244140, at *3 (D.N.J. Dec. 3, 2013) (same); *Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 519 (D.N.J. 2012); *see also Peter Holding Co. v. Leroy Foods*, 107 F. Supp. 56, 57–58 (D.N.J. 1952) ("The statutory period is an inflexible rule of law determining the time within which an application to remove must be made, and the court has no discretionary power to enlarge this period."). When a notice of removal is filed more than thirty days after a removable pleading was served, the removal is defective and remand is warranted. *Ortiz v. Richmond Elevator Co.*, Civ. A. No. 15-672 (CCC), 2015 WL 5945433, at *2–4 (D.N.J. Sept. 29, 2015); *Deutsche Bank Nat'l Trust Co. v. Onyewuenyi*, Civ. A. No. 14-3591 (WJM), 2014 WL 4354106, at *2 (D.N.J. Sept. 3, 2014). Furthermore, removal statutes are "strictly construed, with all doubts to be resolved in favor of remand." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

Here, Defendant admits that its removal was untimely and, essentially, asks the Court to overlook such untimeliness given its inadvertence and a lack of resulting prejudice. Despite the *de minimis* tardiness in question, the Court feels bound to heed the strict enforcement of the statutory removal deadline historically applied within this District. Certainly, the plethora of

precedent of this Court enforcing strictly the thirty-day removal deadline as mandatory and unextendable could not have led Defendant to expect a different result, and it accordingly should have planned to file within the well-known thirty-day period. Consequently, the undersigned recommends that the portion of Plaintiff's motion seeking remand be granted.

The Court, in exercising its discretion under 28 U.S.C. § 1447(c), should generally award fees when granting remand "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Oak Knoll Vill. Condo. Owners' Ass'n v. Jaye*, Civ. A. No. 15-5303 (PGS), 2015 WL 4603715, at *2 (D.N.J. July 30, 2015); *Tallman v. HL Corp. (Shenzhen)*, Civ. A. No. 14-5550 (WHW), 2015 WL 3556348 at *5 (D.N.J. May 27, 2015). Although the Court here concludes that strict application of the removal deadline requires remand of this action, it does not find that Defendant's attempt to remove only one day beyond the deadline lacked any reasonable basis. As such, the undersigned recommends that the portion of Plaintiff's motion seeking attorney's fees and costs be denied.

### III. CONCLUSION

For the reasons stated above, this Court respectfully recommends that Plaintiff's motion to remand this action to the Superior Court of New Jersey be **GRANTED** and that Plaintiff's application for costs and fees in connection with this motion be **DENIED**.

Dated: April 19, 2016

                                                        **Leda Dunn Wettre**
                                                    **United States Magistrate Judge**

Original:    Clerk of the Court
     cc:    Hon. Susan D. Wigenton, U.S.D.J.
               All Parties